UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINICK VALENTI,

      Plaintiff,

v.                  CASE NO.  8:04-CV-2405-T-17TBM

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 12 Motion for Summary Judgment
Dkt. 13 Response
Dkt. 14 Cross-Motion for Summary Judgment
Dkt. 15 Notice of Supplemental Authority
Dkt. 16 Response
Dkt. 17 Notice

This case was removed from Pinellas County Circuit Court based on diversity jurisdiction.  The Complaint is a claim for breach of contract on a disability insurance policy and for attorney's fees under S. 627.428, Fla. Stat.

The Court heard oral argument on April 27, 2006.

I.  Oral Argument

When the Court heard oral argument, each party offered his respective version of why this case was filed.  Defendant's version is that Plaintiff is seeking additional benefits and attorney's fees to which Plaintiff is not entitled, although Defendant, after the jury verdict, accepts that Plaintiff is

entitled to disability benefits for Plaintiff's stress disorder claim, and has voluntarily paid Plaintiff for the entire 24 months of benefits without requiring additional substantiation, while simultaneously denying that Plaintiff is entitled to the award of fees because Defendant was denied the opportunity to evaluate the documentation that Defendant later decided was not necessary.  Plaintiff's version is that this case was filed to dissuade Defendant from appealing the verdict in the initial state case, there is an additional pending case involving a claim for bad faith, and Defendant has a reputation for resisting valid claims.   In other words, this case represents a tactical maneuver for Plaintiff.  Plaintiff's tactic of filing this case was successful in that Defendant paid the verdict, the attorney's fees, additional benefits, and did not appeal the verdict after the disposition of Defendant's Motion for New Trial.

In considering the Motions, the Court will focus exclusively on the issues raised within them, along with the record evidence. It is unfortunate that the parties could not resolve this case without court intervention.  It seems like the type of dispute that could be resolved if both parties decided to be reasonable. At oral argument, the Court offered the parties an additional opportunity for mediation, which was rejected.

II.  Standard of Review

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party.   Sweat v. The Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983).  All doubt as to the existence of a genuine

2

Case No. 8:04-CV-2405-T-17TBM

issue of material fact must be resolved against the moving party. Hayden v. First National Bank of Mt. Pleasant, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting Gross v. Southern Railroad Co., 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986),

> In our view the plain language of rule 56 c mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id at 273.

The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing there is a genuine issue for trial.'" Celotex Corp., at p. 274.

III. Facts

1. Plaintiff and Defendant litigated a breach of contract case based on the same insurance policy applicable in this case in Pinellas County Circuit Court. Plaintiff was awarded $20,299.40 in breach of contract damages. Plaintiff was also awarded $173,570. in attorney's fees under S. 627.428, Fla Stat.

2. The jury found for Plaintiff on October 15, 2003. The judgment was entered in the state case on April 19, 2004.

Case No. 8:04-CV-2405-T-17TBM

3. In December 2003, Defendant tendered a check for the
underlying judgment for benefits between August 13, 2001 and
April 18, 2002, plus statutory interest. Defendant also included
payment of benefits for the period between April 19, 2002 through
August 13, 2003. (Dkt. 12-23).

4. Before this case was removed, in a response to a Request
for Admissions, Plaintiff denied that he was not seeking, and
would not accept, damages exceeding $75,000.

5. The basis of the Complaint is Defendant's denial of
Plaintiff's claim for disability benefits due for the period
between April 18, 2002 and October 31, 2003, the date this case
was filed in Pinellas County Circuit Court. Defendant filed his
Amended Answer on 2/23/04, asserting four affirmative defenses
(Dkt. 8-4). The Second Affirmative Defense states:

> The Plaintiff has failed to fulfill all
> conditions precedent to recovery of benefits
> under the Policy. Specifically, in order to
> be eligible for benefits for a continuing
> loss, the Policy sued upon requires that the
> Plaintiff submit periodic proofs of loss.
> The Plaintiff has failed to submit any
> updated medical, psychiatric records or other
> documents constituting proof of loss beyond
> April 18, 2002. Accordingly, Plaintiff is
> not entitled to benefits under the Policy
> beyond that date.

The case was removed to this Court on November 2, 2004.

4

Case No. 8:04-CV-2405-T-17TBM

6.   The sole basis of disability in the state case was acute
stress disorder and major depressive disorder after Plaintiff was
assaulted by his supervisor at work.   The prior case encompassed
disability benefits between August 13, 2001 and April 18, 2002.
Plaintiff filed a claim dated October 13, 2001 alleging that
Plaintiff was totally disabled from his regular occupation.

7.   Defendant denied Plaintiff's initial claim on January 3,
2002.   Plaintiff appealed the decision to Defendant, but the
claim was denied on reconsideration.   Defendant was served with
the first lawsuit on April 26, 2002.

8.   During the state trial, Plaintiff's counsel argued that
Plaintiff could perform the duties of an occupation other than
his regular occupation.   A central feature of Plaintiff's trial
strategy was to convince the jury that Plaintiff was not disabled
from "any gainful occupation" and that Plaintiff could perform
occupations other than his regular occupation. (Excerpt of trial,
Dkt. 12-22).

9.   Under the insurance policy, claims based on self-
reported symptoms are limited to 24 months:

> "You are disabled when Unum determines that:
>
> - you are **limited** from performing the **material
>   and substantial duties** of your **regular
>   occupation** due to your **sickness** or **injury**;
>   and
> - you have a 20% or more loss in your **indexed
>   monthly earning** due to the sickness or
>   injury; and
> - during the elimination period, you are unable

5

Case No. 8:04-CV-2405-T-17TBM

> to perform any of the material and
> substantial duties of your regular
> occupation.
>
> After 24 months of payments, you are disabled
> when Unum determines that due to the same
> sickness or injury, you are unable to perform
> the duties of any **gainful occupation** for
> which you are reasonably fitted by education,
> training or experience.

The terms which are in boldface are defined within the Plan.

10.  The Plan also provides:

> Disabilities, due to sickness or injury,
> which are primarily based on **self-reported
> symptoms** and disabilities due to **mental
> illness** have a limited pay period up to 24
> months.

IV.  Motion for Summary Judgment - Defendant

This case is a Complaint for breach of a contract of
disability insurance.  Plaintiff sought benefits for April 18,
2002 through the date of the filing of the Complaint, October 31,
2003, and the award of attorney's fees under S. 627.428, <u>Fla.
Stat</u>.

A.  Disability Based on Stress Disorder and Depressive Disorder

Defendant seeks the entry of summary judgment for Defendant
because Defendant has paid 24 months of benefits to Plaintiff for
his disability, acute stress disorder and major depressive
disorder.  Defendant seeks a final judgment that would preclude
Plaintiff from asserting any additional disability based on

6

Case No. 8:04-CV-2405-T-17TBM

physical injuries for the applicable time period.  Defendant also
seeks the award of its costs.  Defendant tendered payment on
December 30, 2003 (Dkt. 12-23), which was accepted in March,
2004.

     Defendant requests entry of summary judgment that Plaintiff
is not entitled to the additional two months of benefits
requested by Plaintiff.

     At oral argument, Plaintiff argued that Plaintiff was
entitled to additional benefits for two months.  The Court does
not grasp the factual basis of Plaintiff's argument, since the
Court's interpretation of the insurance policy is that the
benefits are limited to 24 months.

     The Court notes that Plaintiff had expectations that the
resolution of the issue of Plaintiff's attorney's fees would
conclude this case in state court before removal (Dkt. 13, p. 3).
Plaintiff requested the entry of summary judgment as to liability
in state court.  At a hearing on March 25, 2004, Plaintiff's
motion was denied without prejudice due to lack of authentication
of the letter on which Plaintiff relied to establish Defendant's
liability.  Plaintiff later refiled his motion for summary
judgment.  This case was subsequently removed.  Plaintiff argues
that Defendant has admitted paying the benefits due under the
policy in December, 2003, and Defendant's request for entry of
summary judgment should be denied.

Case No. 8:04-CV-2405-T-17TBM

It is clear to the Court that Defendant has paid Plaintiff
for 24 months of benefits under the policy, which is the entire
amount of disability benefits that is due to Plaintiff for his
claim based on stress disorder/depressive disorder.

B.   Disability Due to Physical Injuries
     Disability From "Any Gainful Occupation"

Defendant is seeking the entry of summary judgment to
preclude Plaintiff from asserting any additional physical
disability from April 18, 2003 through November 3, 2003.
Defendant argues that Defendant never reviewed Plaintiff's claim
to determine whether Plaintiff was also disabled due to a
physical condition, Plaintiff has never presented a claim for
physical disability, and Plaintiff is estopped from raising the
issue of non-mental illness for the first time in this case.

Defendant also seeks the entry of summary judgment that
Plaintiff is estopped from claiming disability from "any gainful
occupation."

Plaintiff's Complaint (Dkt. 2, par. 7) states that Plaintiff
became disabled in or about August, 2001 from his occupation as a
Project Manager for the Housing Authority.  The scope of the
Complaint is limited to the claim for benefits that Plaintiff
initially presented to Defendant, which speaks for itself.
Plaintiff is seeking additional benefits due pursuant to the
original claim. There is no evidence beyond the bare allegation
that Defendant failed to pay benefits due for the period between
"April 18, 2002 through the present" (Dkt. 2, Par. 11) that
Plaintiff asserts a claim for disability benefits based on

Case No. 8:04-CV-2405-T-17TBM

physical injuries or disability from "any gainful occupation."
Therefore, it is not necessary or appropriate for the Court to
enter a judgment addressing those issues.  The Court recognizes
that the admissions of Plaintiff's counsel in the prior trial are
evidentiary admissions, but before evaluating those evidentiary
admissions, the Court must have a claim that requires
adjudication.  There is no evidence of the submission of any
additional claim beyond the claim for benefits for stress
disorder and depressive disorder.  Defendant argues that
Plaintiff never presented any additional claim or substantiation
of continuing disability after the jury verdict in the state
case, and before this case was filed.  If there is such a claim,
Plaintiff shall provide documentation to the Court for further
consideration.  Accordingly, it is

     **ORDERED** that Defendant's Motion for Summary Judgment is
**granted** to the extent that Plaintiff seeks payment of an
additional two months of benefits beyond August 13, 2003, and
otherwise **denied**.  The Clerk of Court shall enter judgment for
Defendant as to this issue, and close this case.  Any motion for
fees and costs shall be submitted within ten days.

V.  Cross Motion for Summary Judgment - Plaintiff

     Plaintiff sued Defendant for breach of contract on October
31, 2003 in the Pinellas County Circuit Court.  Plaintiff argues
that since Defendant long ago confessed liability on Plaintiff's
claim by paying all the benefits due after suit was filed,
Plaintiff is entitled to entry of summary judgment in Plaintiff's
favor, and the award of attorney's fees and costs under S.
627.428, Fla. Stat.

Case No. 8:04-CV-2405-T-17TBM

Defendant argues that Defendant's voluntary payment of
benefits through August 13, 2003 does not entitle Plaintiff to
entry of summary judgment, and Plaintiff is not entitled to
disability benefits beyond the 24 month period ending August 13,
2003.

A.   Payment of Additional Benefits

It is undisputed that Defendant paid Plaintiff additional
disability benefits due under the insurance policy for
Plaintiff's disability based on stress disorder and depressive
disorder.

The Court notes that Defendant argues that Plaintiff did not
substantiate a claim beyond April 18, 2002 (Dkt. 16, p. 4).
Defendant argues that Plaintiff did not send a demand letter or
make any telephone call to counsel requesting payment of
additional benefits.  Defendant contends the voluntary payment to
Plaintiff does not constitute a "confession of judgment."
Defendant argues Defendant never denied Plaintiff's claim for
additional benefits and never refused to pay such a claim.  After
payment in March, 2004, Defendant invited Plaintiff to dismiss
this case (Dkt. 16, p. 3).  Plaintiff did not do so, and instead
moved for summary judgment.

In Stewart v. Midland Life Insurance Co., 899 So.2d 331
(Fla. 2d DCA 2005), rev. denied, 911 So.2d 98 (2005), the Second
District Court of Appeal found the correct construction of S.
627.428, Fla. Stat., authorizes the award of statutory attorney's
fees when benefits are paid after suit is filed but before final
judgment is entered.  The Second District Court of Appeal

10

Case No. 8:04-CV-2405-T-17TBM

concluded that the payment of life insurance benefits after the
expiration of the sixty-day waiting period following submission
of a proof of claim was the substantial equivalent of a judgment.
However, <u>Stewart</u> is not the end of the story in resolving the
issue of attorney's fees.

B.   Attorney's Fees - Statutory Requirements

S. 627.428 (2), <u>Fla. Stat</u>, states:

> As to suits based on claims arising under
> life insurance policies or annuity contracts,
> no such attorney's fee shall be allowed if
> such suit was commenced prior to expiration
> of 60 days after proof of the claim was duly
> filed with the insurer.

In the Complaint, Plaintiff alleges all conditions precedent
to Plaintiff's claim have been performed, have occurred, or have
been waived (Dkt. 2, par. 5).

Defendant argues that Plaintiff never filed claim forms or
physician certification of disability to perfect a claim for
benefits under the Plan beyond April 18, 2002, the date through
which the jury awarded benefits to Plaintiff.

The purpose of the sixty day requirement of S. 627.428(2) is
to permit an insurer to make a reasonable investigation of the
claim.   When an insurer resists payment of a valid claim, the
insured must file suit to obtain payment, and under S. 627.428,
the insured is entitled to the award of attorney's fees to afford
complete relief for the nonpayment.   In <u>State Farm Fire &</u>
<u>Casualty Co. V. Palma</u>, 629 So.2d 830 (Fla. 1993), the Florida

11

Case No. 8:04-CV-2405-T-17TBM

Supreme Court states "[i]f the dispute is within the scope of
section 627.428 and the insurer loses, the insurer is always
obligated for attorney's fees." (quoting Insurance Company of
North America v. Lexow, 602 So.2d 528, 531 (Fla. 1992).

      In Palma, the Florida Supreme Court agreed with Cincinnati
Ins. Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974), a case in
which the insurance company paid the proceeds of the policy only
after the insured brought suit on the policy.  The voluntary
payment rendered moot all issues other than the question of
attorney's fees, which the insurance company refused to pay.  The
trial court awarded fees and costs.  On appeal, the insurance
company argued that no "judgment" had been entered on the policy
and section 627.428 was not applicable.  Finding that the terms
of the statute are part of every insurance policy in Florida, the
district court concluded that the relief sought was both the
policy proceeds and the attorney's fees.  As long as the
insurance company refused to pay any part of the relief sought,
the action constituted a claim under the policy.  The Florida
Supreme Court said:

                    "[W]e agree with the Cincinnati court that
                    the terms of section 627.428 are an implicit
                    part of every insurance policy issued in
                    Florida.  When an insured is compelled to sue
                    to enforce an insurance contract because the
                    insurance company has contested a valid
                    claim, the relief sought is both the policy
                    proceeds and attorney's fees pursuant to
                    section 627.428.  The language of subsection
                    (3), which provides that 'compensation or
                    fees of the attorney shall be included in the
                    judgment or decree rendered in the case[,]'
                    also supports this conclusion.  Section
                    627.428(3), Fla. Stat (1983).

                             12

Case No. 8:04-CV-2405-T-17TBM

However, the Florida Supreme Court **also notes** the "No attorney's
fees are allowed in suits based on claims arising under life
insurance policies or annuity contracts 'if such suit was
commenced prior to expiration of 60 days after proof of the claim
was duly filed with the insurer.'"   The Florida Supreme Court
held that attorney's fees may properly be awarded under Section
627.428 for litigating the issue of entitlement to attorney's
fees.

     The incorrect denial of benefits is what generates
entitlement to attorney's fees.  The statute entitling an insured
to attorney's fees upon the rendition of a judgment or decree
against an insurer or in the event of status as a prevailing
party on appeal must be strictly construed because an award of
attorney's fees is in derogation of the common law.  See Pepper's
Steel & Alloys, Inc. v. United States, 850 So.2d 462 (Fla. 2003).
The award of attorney's fees has been denied where suit was filed
before the expiration of the sixty-day investigatory period.  See
Great West Life Ins. Co. v. Greene, 678 So.2d 385 (Fla. 3d DCA
1996).  However, there are also cases in which the filing of a
claim has not been required before the award of attorney's fees.
See Williams v. Peninsular Life Ins. Co., 306 So.2d 144 (Fla. 1st
DCA 1975);  Hoffman v. White, 277 So.2d 290 (Fla. 4th DCA 1973).

     The Court notes that in Stewart v. Midland Life, supra, it
was not relevant whether an insurer was aware that a lawsuit was
filed.  The Second District Court of Appeal held the insurer
strictly to the sixty-day statutory requirement, and found that
the claimant was entitled to the award of fees after the insurer
paid the claim.  The Second District Court of Appeal relied on
Ivey v. Allstate Ins. Co., 774 So.2d. 679, 684-5 (Fla.

Case No. 8:04-CV-2405-T-17TBM

2000)(holding that when the insurer pays the claim after the
lawsuit has been filed, the payment operates as a confession of
judgment and entitles the insured to attorney's fees).  <u>Ivey</u> is a
PIP case in which the Florida Supreme Court held the insurer to
the thirty-day statutory requirement for investigation of claims
presented under an insured's PIP coverage.  In that case, a claim
was presented but the insurer mistakenly made a partial payment.

In <u>Stewart</u>, <u>supra</u>, the Second District Court of Appeal also
relied on <u>Wollard v. Lloyd's & Companies of Lloyd's</u>, 439 So.2d
217, 218 (Fla. 1983):

> "When the insurance company has agreed to
> settle a disputed case, it has, in effect,
> declined to defend its position in the
> pending suit.  Thus, the payment of the claim
> is, indeed the functional equivalent of a
> confession of judgment or a verdict in favor
> of the insured.  Requiring the plaintiff to
> continue litigation in spite of an acceptable
> offer of settlement merely to avoid having to
> offset attorney's fees against compensation
> for the loss puts an unnecessary burden on
> the judicial system, fails to protect any
> interest-the insured's, the insurer's or the
> public's-and discourages any attempt at
> settlement.  This literal requirement of the
> statute exalts form over substance to the
> detriment of public policy, and such a result
> is clearly absurd."

In this case, Defendant's voluntary payment of benefits was
not a negotiated settlement.  The parties could have negotiated a
global settlement of all issues, but did not do so.  While
Defendant waived the contractual requirement of a proof of claim
and supporting documentation before payment of benefits,
Defendant never waived its objection to the award of attorney's

14

Case No. 8:04-CV-2405-T-17TBM

fees.  "Waiver" is the intentional relinquishment of a known
right, or the voluntary relinquishment of a known right, or
conduct which warrants an inference of the relinquishment of a
known right.  See Fireman's Fund Insurance Company v. Vogel, 195
So.2d 20 (Fla. 2d DCA 1967).  When a waiver is implied from
conduct, the acts, conduct or circumstances relied upon to show
waiver must make out a clear case.  Id.

In this case, Defendant has argued that Plaintiff made no
attempt to present an additional claim in any form, and therefore
there was no opportunity to deny the claim.  Defendant argues
that since no claim was presented, there was no incorrect denial
of the claim, and therefore the request for attorney's fees
should be denied.

The Court recognizes that Plaintiff's initial claim was
denied, and Plaintiff then filed a lawsuit in which Plaintiff
prevailed.  Plaintiff was awarded benefits for the period of time
covered by his lawsuit, and was awarded attorney's fees.  In
order to obtain additional accrued benefits, Plaintiff filed this
second lawsuit, as if the denial of his initial claim continued.
Subsequently, Defendant tendered all the benefits due under the
policy without requiring the additional documentation to which
Defendant was entitled.

In Wollard, supra, in which the Florida Supreme Court held
that the settlement of a disputed case is the functional
equivalent of a confession of judgment or verdict in favor of the
insured, and therefore provides a basis for the award of
statutory attorney's fees, the Florida Supreme Court relies on
Gibson v. Walker, 380 So.2d 531 (Fla. 5th DCA 1980).   Based on

15

Case No. 8:04-CV-2405-T-17TBM

Gibson, the Florida Supreme Court recognizes that a threshold
issue, and condition precedent to the award of the attorney's
fees, is the requirement that the insurance company unreasonably
withhold payment under the policy.  In Gibson, the case was
remanded for the trial court to inquire into the *necessity* of the
legal services rendered as well as their reasonable value.

     Florida law requires that any right of action based on an
insurer's failure to pay periodic indemnity or benefits is
limited to the installments which have accrued at the institution
of the action.  See Aetna Life Ins. Co. v. Smith, 345 So.2d 784
(Fla. 4th DCA 1977).   Where periodic payments are involved, the
insuror must have the opportunity to investigate whether the
periodic payments are due based on the facts of the particular
claim at the time it is asserted.  Section 627.428(2) also
recognizes the significance of the period of reasonable
investigation.

     There was no additional opportunity for investigation
afforded to Defendant in this case.  Plaintiff seeks an award of
attorney's fees without establishing that Defendant unreasonably
withheld payment.  However, Plaintiff has not shown that
Defendant repudiated the entire policy, and Plaintiff has not
established that Defendant would have continued to deny
Plaintiff's claim no matter how much investigation was done. The
Court understands that after the first trial Defendant was very
familiar with the facts of Plaintiff's claim, but this only
emphasizes that compliance the policy provision requiring
substantiation of continued disability would have been required
only minimal effort.  In the Answer to the Complaint, Defendant
raised the defense of failure to comply with conditions precedent

Case No. 8:04-CV-2405-T-17TBM

under the policy, and in the Amended Answer, Defendant
specifically refers to the failure to provide substantiation of
continued disability.  Defendant has argued that there was <u>no</u>
<u>attempt</u>, not even a telephone call, to ascertain Defendant's
position before suit was filed.  There is no great burden
associated with making a phone call or sending an e-mail to
ascertain the position of the opposing party even in a sharply
disputed claim.  The Florida Supreme Court holds insurers
strictly to the requirements of Section 627.428, and, in the
absence of some other factor which justifies easing the strict
requirements, in order to follow Florida law the Court must also
hold Plaintiff strictly to the statutory requirements.  In
considering the award of fees under Section 627.428, the critical
time period is what happens <u>before</u> a lawsuit asserting claims
under a policy providing annuity payments is filed.  It is not
relevant that at a later time Defendant waived its entitlement to
additional documentation before voluntarily paying benefits.  In
this case, Defendant consistently asserted Defendant's objection
to an award of attorney's fees.  The Court is not blindly
requiring adherence to a technical statutory requirement without
an eye toward practical realities.  Factual situations can occur
in which the period of reasonable investigation may be excused
without forfeiting the award of fees, but the facts of this case
don't establish that this case is the exception rather than the
rule.

     Plaintiff has sought entry of summary judgment as to
liability, based on Defendant's payment of additional benefits
due under the policy.  The Court denies the Motion for Summary
Judgment as to liability as moot, because Defendant has paid all
benefits under the policy and Plaintiff accepted those benefits.

Case No. 8:04-CV-2405-T-17TBM

While the payment of all benefits due under the policy operates
as the functional equivalent of a confession of judgment in
Plaintiff's favor, the Court also denies Plaintiff's Motion for
Summary Judgment as to the award of attorney's fees based on
Section 627.428(2).  This lawsuit was filed before the statutory
sixty day period elapsed, and Defendant did not waive Defendant's
objection to the award of fees.  Plaintiff relies on cases which
hold that tendering additional benefits after suit is filed
constitutes a "settlement" under <u>Wollard</u>, <u>supra</u>.  The Court finds
that there is an implicit requirement that the Court determine
that the lawsuit was necessary before fees can be awarded.
Accordingly, it is

ORDERED that Plaintiff's Cross-Motion for Summary Judgment
as to liability is **denied as moot**, and Plaintiff's Cross-Motion
for Summary Judgment for the award of attorney's fees is **denied**.

DONE and ORDERED in Chambers, in Tampa, Florida on this
2ND day of June, 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

18